**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALEXANDER JIGGETTS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 18-cv-3399 |
| | : | |
| JANSSEN PHARMACEUTICALS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## DEFENDANT'S INITIAL REPORT

Defendant Janssen Pharmaceuticals, Inc. ("Janssen") hereby reports as follows pursuant to the January 28, 2019 Scheduling Order issued by this Court.[1]

A.     Request for Early Settlement/ADR Conference

Janssen does not request early settlement/ADR at this time.  Plaintiff advised that he had submitted a request for ADR to the Court, which undersigned counsel has not yet received.  Janssen informed Mr. Jiggetts that it does not concur with that request.  Therefore the parties do not jointly request an early settlement/ADR conference at this time.

B.     Proceedings Before a United States Magistrate Judge

Mr. Jiggetts has informed Janssen that he does not consent to proceed before a United States Magistrate Judge.  There is no unanimous consent to proceed before a Magistrate.

C.     Deposition Hours

Janssen proposes that each side shall be limited to 40 hours of depositions of fact witnesses (including parties).  Janssen believes that this slight increase is warranted based on its experience in cases of this nature.  In a telephone conference, Plaintiff did not specify whether or

---

[1] Undersigned counsel conferred telephonically with Plaintiff Alexander Jiggetts (pro se) regarding the matters covered by this Initial Report as identified on the January 28, 2019 Scheduling Order.  Mr. Jiggetts indicated that he had already mailed a document to this Court addressing one or more of those items, and it is undersigned counsel's understanding that Mr. Jiggets has or will be separately setting forth his position with regard to these matters.

not he agrees with or objects to this proposal by Janssen.

      D.      <u>Amendments to Scheduling Order</u>

Janssen does not propose any amendments to the Court's January 28, 2019 Scheduling Order at this time.

      E.      <u>Discovery of Electronically Stored Information</u>.

Janssen conferred telephonically with Plaintiff on February 11 regarding discovery of electronically stored information. Janssen states that to the extent Plaintiff may request electronically stored information (ESI), certain such ESI may not be reasonably accessible within the meaning of the Federal Rules of Civil Procedure by reason of undue burden or cost, or otherwise by application of proportionality standards applicable to this case. Janssen further states that certain such discovery information, including ESI, is anticipated to be the subject of a protective order, which Janssen expects to request at an early stage in this proceeding. Janssen also states that it intends to take discovery of certain medical records which may be stored electronically by a third party and that, to facilitate same, Janssen anticipates providing Plaintiff with a medical records authorization form to streamline the acquisition process.

DRINKER BIDDLE & REATH LLP

By:             /s/            
             Brian A. Coleman (#15310)
             brian.coleman@dbr.com
             1500 K Street, N.W., Suite 1100
             Washington, D.C. 20005
             Telephone: 202/842-8800
             Facsimile: 202/842-8465

             *Attorneys for Defendant Janssen*
              *Pharmaceuticals, Inc.*

Dated: February 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2019, a copy of the above and foregoing DEFENDANT'S INITIAL REPORT was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and counsel currently admitted in this case, with an additional copy sent via first class mail, postage prepaid, to the named Plaintiff, Alexander Jiggetts, at 4152 Crestheights Road, Baltimore, MD 21215.


_____/s/_____

Brian A. Coleman