IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

    Plaintiff,

v.

JANSEEN PHARMACEUTICALS[1],

    Defendant.

Civil No.: RDB-18-3399

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending is the pro se plaintiff's Motion for Appointment of Counsel (ECF No. 42) and defendant's Response to Motion to Appoint Counsel and Request for Reconsideration (ECF No. 47). Also pending is defendant's Request for Conference (ECF No. 35) and Local Rule 104.7 Certificate and Motion to Compel (ECF No. 45). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiff's Motion for Appointment of Counsel is denied, defendant's Motion to Compel is denied without prejudice, and defendant is granted leave to file a summary judgment motion.

I. **BACKGROUND**

In his Complaint, plaintiff alleges that he took the drug risperidone from 2013 until April of 2017 for schizoaffective disorder.[2] (ECF No. 1 at 1). He stated that it caused him to grow breasts, an "excessive fat stomach," and "enormous thighs and buttock," and that it made him

---

[1] In his Complaint, plaintiff refers to defendant as "Janseen Pharmaceuticals." (ECF No. 1 at 1). Defendant notes in its Answer, however, that the proper title for defendant is "Janssen Pharmaceuticals, Inc." (ECF No. 10 at 1).
[2] Plaintiff later filed a Motion to Withdraw Parts of Complaint That Are Incorrect, stating that "I have not been taking it for schizoaffective disorder," and asking the court to withdraw that portion of the Complaint. (ECF No. 25 at 1).

1

"become tired quick and fatigue [sic]." (Id.) He also alleges that he took the drug Invega Sustenna from 2017 to present and similarly alleges that the drug caused him to grow breasts, an "excessive fat stomach," and "enormous thighs and buttocks," and that it makes him "become tired quick and become fatigue [sic]." (Id.) He also stated that Invega Sustenna "leaves a pain in your arm when they stick you and it burns when it goes in." (Id.) He alleged that when he first started taking risperidone, he weighed 180 to 200 pounds, and now weighs almost 300 pounds. (Id. at 1–2).

Plaintiff has filed suit against Janssen Pharmaceuticals, Inc. the maker of both drugs. (Id. at 1). As to risperidone, plaintiff stated that he believes that Janssen does not want to tell people about these potential side effects and that Janssen tells individuals that they can use risperidone for schizoaffective disorder, but that the FDA only approves it for schizophrenia. (Id.) Plaintiff states that he has been taking it for schizoaffective disorder from 2013 to 2017, which he states "is malpractice."[3] (Id.) As to both drugs, he states that Janssen "is committing cruel and unusual punishment by selling these medicines" and alleges that Janssen "deprive [sic] you of life, liberty, and property by having people take these toxic medicines without warning," stating that it is "cruel and unusual punishment to have one take a medicine for the wrong reason." (Id.) He also alleges that Janssen committed intentional negligence by "not telling people the effects of this medicines." (Id.) He asks for $100,000,000 because he "cannot get his body back the way it was" before taking risperidone and asks the court to make him whole again by granting him damages for "pain and suffering and emotional discomfort." (Id. at 1–2).

---

[3] In his Motion to Withdraw Parts of Complaint That Are Incorrect, plaintiff states that "I have not been taking it for schizoaffective disorder and I do not know of Janseen [sic] telling people that they can use risperidone for schizoaffective disorder." (ECF No. 25 at 1). Plaintiff asks the court to withdraw that portion of his Complaint. (Id.)

2

## II. MOTION FOR APPOINTMENT OF COUNSEL

On February 13, 2019, plaintiff filed a Motion for Counsel, stating that his income was below the poverty threshold established by the Office of Management and Budget of the United States and that he otherwise would not be able to obtain counsel. (ECF No. 24 at 1). He also stated that "[t]his is the type of case that attorneys in this District ordinarily do not accept without prepayment." (Id.) Finally, he said "[f]or purposes of having a seetlment [sic] conference and if need be further litigation even though defendants don't want to have a settlement conference I think it would be in the best interest of justice to have a settllement [sic] conference saving time and money. If no agreement is reached at settle ment [sic] conference I ask that this court have an attorney stay on as my counsel for this is a complex case and I need help. Whether or not we have a settlement conference I ask this court to appoint me an attorney." (Id.) Plaintiff filed a supplement to his Motion for Counsel on April 3, stating, "I am not 100% and I will never be again for I have suffered mental disabilities from taking all of this medication. It is hard for me to put paragraphs and words together so please excuse me if I can't answer discovery all the way. This is why I ask for this court to grant me an attorney because this stuff is too complex and because of the medications I've taken over the years I can't fully grasp things. I ask that you consider granting me an attorney. As I statedin [sic] my complaint I feel fatigued and tired all the time and it is hard for me to do this type of work." (ECF No. 34 at 1). Defendant did not file an opposition to either of these motions.

On May 7, 2019, the court appointed pro bono counsel to represent plaintiff (ECF No. 41), but later granted pro bono counsel's Motion for Reconsideration (ECF No. 44) of that order. (ECF No. 46). On May 8, 2019, plaintiff filed the instant Motion for Appointment of Counsel (ECF No. 45). In this Motion, in addition to his previous arguments, plaintiff states that he

3

"would like to show that case [sic] has merits and there is a strong possibility that I could win with a attorney [sic]." (ECF No. 42 at 1). He added that there are studies showing that these drugs cause male breast growth, mental disabilities, weight gain, and fatigue. (Id.) He stated, however, that he needed expert testimony but cannot obtain expert testimony without an attorney, as his case "is lacking medical records that could be otherwise used to demonstrate a injury [sic]." (Id.) He also states that he needs an attorney to "get oveer [sic] the hurdles of dicsovery [sic]" as "the discovery is way too complex and I fear that defendants may be granted summary judgment without an attorney." (Id.)

On May 22, 2019, defendant filed a response, stating that it "typically does not respond to a pro se party's request for counsel, in deference to this Court's exercise of discretion in the interest of justice," but that it "has become aware of certain facts that may be relevant to this Court's exercise of discretion, particularly as respects Mr. Jiggetts' litigation history and admissions regarding his claim." (ECF No. 47 at 1). Defendant notes that, prior to the instant suit, plaintiff filed over fifty lawsuits in this Court, as well as another twenty in other courts. (ECF No. 47 at 2). Defendant further notes that plaintiff has exhausted the "three strikes" afforded for frivolous filings under 28 U.S.C. § 1915(g), and that many of plaintiff's cases were dismissed sua sponte for failure to state a claim, while others were dismissed after motions practice. (Id.) Defendant also notes that plaintiff has "refused to provide any information as to whether he actually took risperidone, or as to the prescribing source." (ECF No. 47 at 3). Defendant further notes that plaintiff "admits he has no medical opinion to support his allegations, admits he has not seen a doctor regarding his claimed injuries, and claims he possesses no documents to support his claimed injuries." (Id.) Accordingly, defendant asks the court to deny plaintiff's Motion and, to the extent that the court's May 8, 2019 order appointing

4

pro bono counsel represents a ruling on plaintiff's prior motions for appointment of counsel, requests reconsideration of such ruling. (ECF No. 27 at 1).

### A. Standard of Review

The court may appoint counsel to pro se litigants in civil proceedings pursuant to 28 U.S.C. § 1915(e)(1), but "this is a discretionary function that is to be exercised only in exceptional circumstances." Teal v. Buckley, Civil No. GJH-14-2550, 2014 WL 6942313, at *2 (D. Md. Dec. 5, 2014) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "Whether a civil case warrants the appointment of counsel depends on the characteristics of the claim and the litigant." Id. (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). Counsel should be appointed "[w]hen an unrepresented litigant has a colorable claim but lacks the capacity to present it." Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978)).

### B. Discussion

Here, plaintiff has failed to establish exceptional circumstances justifying appointment of counsel. While the court is not prepared to rule that plaintiff's claims are frivolous at this time[4], plaintiff has not established, for purposes of the instant motion, that his claim is colorable. As noted by defendant, plaintiff's "own discovery responses assert that he has not sought any medical treatment for injuries allegedly caused by risperidone, nor received any expert opinion that these injuries are attributable to risperidone. He simply asserts, as a layperson, that that his alleged condition was caused by that pharmaceutical – while refusing to state whether he actually ingested the drug or who prescribed it." (ECF No. 47 at 4). In his Motion for Appointment of Counsel, plaintiff alleges that there are studies linking these drugs to male breast growth, mental disabilities, fatigue, and weight gain, but fails to identify any such studies. (ECF No. 42 at 1). Additionally, in his motion, plaintiff indicates that his case lacks medical records that could be

---

[4] The court does, however, note plaintiff's extensive litigation history. (ECF No. 47 at 2).

5

used to demonstrate an injury. (Id.) At this time, as noted by defendant, "[t]here is simply no factual basis in the record to connect Mr. Jiggetts' claimed physical ailments to Janssen, other than his say so." (ECF No. 47 at 4). Accordingly, plaintiff has not shown that he has a colorable claim, and plaintiff's Motion for Appointment of Counsel is denied.

### III. MOTION TO COMPEL AND REQUEST FOR CONFERENCE

As noted by defendant in its Response to Plaintiff's Motion for Appointment of Counsel, defendant previously requested a conference with the court, "namely, to request leave to file an early summary judgment motion, given [the case's] apparently frivolous nature." (ECF No. 47 at 4). Defendant states that "the discovery responses given by [p]laintiff (albeit deficient), coupled with [p]laintiff's election to forego Rule 26(a)(2) disclosures, renders this case ripe for dispositive motion." (ECF No. 36 at 1). Defendant also filed a Motion to Compel plaintiff to supplement his deficient discovery responses. (ECF No. 45). Defendant notes that plaintiff did not respond to this motion, although he did indicate that he objected to responding further to defendant's discovery requests. (ECF No. 45 at 1).

Under the circumstances, the court concludes that it is appropriate to allow defendant to file a summary judgment motion. Given defendant's representation that the case is ripe for dispositive motion, even with plaintiff's deficient discovery responses, defendant's Motion to Compel (ECF No. 45) is denied without prejudice to refile after the resolution of summary judgment motions, if appropriate.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Appointment of Counsel (ECF No. 42) is denied, defendant's Motion to Compel (ECF No. 45) is denied without prejudice, and defendant is granted leave to file a summary judgment motion. A separate order will be issued.

Date: ~~May~~ June 4, 2019

_____
Richard D. Bennett
United States District Judge