IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,   *

 Plaintiff,   *

               Civil Action No. RDB-18-3399

v.   *

JANSEEN PHARMACEUTICALS[1],   *

 Defendant.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Alexander Jiggetts ("Mr. Jiggetts"), *pro se* Plaintiff, brought suit against Defendant, Janssen Pharmaceuticals, Inc. ("Janssen") on October 29, 2018 seeking damages related to his alleged injury from the drugs Risperdal® and Invega®. Now pending before this Court are four motions: (1) Request for Default Judgement (ECF No. 12); (2) Motion for Leave to File Amended Complaint (ECF No. 22); (3) Motion to Withdraw Parts of Complaint that are Incorrect (ECF No. 25); and (4) Motion for Leave of Court to File a Response/Reply to Answer (ECF No. 31). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, this Court shall DENY Mr. Jiggetts' Request for Default Judgement and shall GRANT his Motion for Leave to File Amended Complaint and his Motion to Withdraw Parts of Complaint that are Incorrect. However, Mr. Jiggetts must file a Proposed Amended Complaint, to which

---

[1] In his Complaint, Plaintiff refers to Defendant as "Janseen Pharmaceuticals." (Compl. 1, ECF No. 1.) Defendant notes in its Answer, however, that the proper title for Defendant is "Janssen Pharmaceuticals, Inc." (Answer 1, ECF No. 10.)

Defendants may respond in due course. Mr. Jiggetts' Motion for Leave of Court to File a Response/Reply to Answer is, therefore, moot and shall be DENIED AS MOOT.

## BACKGROUND

Mr. Jiggetts alleges that he took the drug "risperidone" from 2013 to April of 2017 for schizoaffective disorder, and it caused him to grow breasts, gain excessive weight, and makes him tire easily. (Compl. 1, ECF No. 1.) He also alleges that he took the drug "Invega Sustenna" from 2017 to present and it similarly caused him to grow breasts, gain excessive weight, and makes him tire easily. (*Id.*) Mr. Jiggetts adds that Invega "leaves a pain in your arm when they stick you and it burns when it goes in." (*Id.*) Mr. Jiggetts alleges that when he first started taking risperidone, he weighed 180-200 pounds, but now he weighs almost 300 pounds. (*Id.* at 1-2.)

Mr. Jiggetts states that the FDA only approves risperidone for schizophrenia, but he was taking it for schizoaffective disorder, which he alleges "is malpractice." (*Id.* at 1.) He also states that Janssen "is committing cruel and unusual punishment by selling these medicines" and alleges that Janssen "deprive[s] you of life, liberty, and property by having people take these toxic medicines without warnings" and "committed intentional negligence by not telling people the effects of this [sic] medicines." (*Id.* at 1-2.) Mr. Jiggetts seeks damages of "one hundred million dollars" and asks this Court to make him whole again by granting him damages for "pain and suffering and emotional discomfort." (*Id.*)

Janssen answered the Complaint on January 28, 2019 and a scheduling order was issued. (Answer, ECF No. 10; Sched. Order, ECF No. 11.) The next day, January 29, 2019, Mr. Jiggetts filed the pending Request for Default Judgement, seeking default judgment for

one hundred million dollars based on Defendant's failure to answer. (Mot. Default, ECF No. 12.) On January 31, 2019, Mr. Jiggetts supplemented his request stating: "Defendant answered today which is the 23rd day yet he did not meet the 21 day deadline" adding "I send this out already and moot the first one because I believe I forgot to put a stamp on it." (Suppl., ECF No. 13.) Both Mr. Jiggetts' request and supplement were dated January 28, 2019. (*See* ECF Nos. 12, 13.)

On February 15, 2019, Mr. Jiggetts filed the pending Motion for Leave to File Amended Complaint, seeking to add Janssen's CEO as a defendant and to add further information in support of his claim. (Mot. Am., ECF No. 22.) However, Mr. Jiggetts notes that the amended complaint does not moot the original complaint, and he reminds the court that he continues to "seek judgment on the original complaint for it took plaintiff 22 days to answer." (Prop. Am. Compl., ECF No. 22-1.)

On February 25, 2019, Mr. Jiggetts filed the pending Motion to Withdraw Parts of Complaint that are Incorrect, seeking to withdraw paragraph two of his Complaint because it is not true that he was taking risperidone for schizoaffective disorder. (Mot. Withdraw, ECF No. 25.) On March 18, 2019, Mr. Jiggetts filed the pending Motion for Leave of Court to File a Response/Reply to Answer, stating that there are untrue statements in the Answer, and "there needs to be a reply." (Mot. Reply, ECF No. 31.)

Mr. Jiggetts also asked this Court to appoint counsel to act on his behalf. (*See* ECF Nos. 24, 34, 42.) This Court appointed *pro bono* counsel to represent Mr. Jiggetts but later granted *pro bono* counsel's Motion for Reconsideration (ECF No. 44) of that order. (*See* ECF No. 46.) Mr. Jiggetts then filed another motion for counsel to be appointed, which this Court

denied upon consideration of Janssen's opposition, which stated that Mr. Jiggetts had filed over fifty lawsuits in this Court as well as another twenty in other courts and had exhausted the "three strikes" afforded for frivolous filings under 28 U.S.C. § 1915(g). (*See* Mem. Op., ECF No. 48.) In its Order, this Court granted leave to Defendant to file a summary judgment motion. (ECF No. 49.) This Court denied Mr. Jiggetts' motion to reconsider and extended the deadline for dispositive motions to be filed in this case until Tuesday, September 10, 2019. (ECF No. 53.)

For the reasons that follow, this Court shall DENY Mr. Jiggetts' Request for Default Judgement and shall GRANT his Motion for Leave to File Amended Complaint and Motion to Withdraw Parts of Complaint that are Incorrect. However, Mr. Jiggetts must file a Proposed Amended Complaint, to which Defendants may respond in due course. Mr. Jiggetts' Motion for Leave of Court to File a Response/Reply to Answer is, therefore, moot and shall be DENIED AS MOOT.

## DISCUSSION

This Court recognizes that the Plaintiff is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### I. Default Judgment

Mr. Jiggetts seeks default judgment because Defendant's Answer was not timely filed. (*See* Mot. Default, ECF No. 12; Mot. Suppl., ECF No. 13.) Janssen does not dispute that the summons reflects that it was served on Friday, January 4, 2019, but explains that the documents were not received by Janssen's Legal Department until Monday, January 7, 2019, so it inadvertently miscalculated the due date for the Answer. (Def.'s Resp. 1, ECF No. 20.)

Janssen requests that this Court set aside the technical default in filing late or, alternately, grant Janssen leave to file its answer out of time. (*Id.*)

The United States Court of Appeals for the Fourth Circuit has stated that "the extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Mobil Oil Co. de Venezuela v. Parada Jimenez*, 989 F.2d 494 (Table), 1993 WL 61863, at *3 (4th Cir. 1993) (unpublished). That is not the case here. Further, "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.3d 123, 130 (4th Cir. 1969).

Applying the four *Wilson*[2] factors to the prospective default, this Court concludes that the extreme sanction of judgment by default is not appropriate in this case. Further, as noted by Janssen, Mr. Jiggetts' motion to amend his complaint effectively moots any default. *See, e.g., G & G Closed Circuit Events, LLC v. Castro & Cedillos, Inc.*, Civil Action No. DKC 11–3274, 2012 WL 748577, at *2 (D. Md. Mar. 6, 2012) (mooting a motion for entry of default in light of an amended complaint); *see also Wahoo Int'l, Inc. v. Phix Doctor Inc.*, No. 13cv1395–GPC(BLM), 2014 WL 6810663 (S.D. Cal. Dec. 2, 2014) ("[T]he Court concludes that default judgment cannot be entered against a defendant in default on the original complaint which is superseded by an amended complaint.").

---

[2] *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978) (identifying four factors that are relevant in considering whether a party's discovery violations warrant the sanction of judgment by default: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice caused by his noncompliance (which necessarily includes an inquiry into the materiality of the evidence he failed to produce); (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions).

Accordingly, Mr. Jiggetts' Request for Default Judgement (ECF No. 12) is DENIED.

II. **Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

Janssen does not oppose this motion, although it reserves its rights with respect to its response to the amended complaint, including its right to file a Motion to Dismiss the Amended Complaint (or portions of it) pursuant to Federal Rule of Civil Procedure 12. (Def.'s Resp. 1, ECF No. 28.) This Court notes however, that Mr. Jiggetts' proposed amended complaint is, in essence, a supplement to his Complaint rather than a replacement of his Complaint. (*See* ECF Nos. 22, 22-1.) Further, Mr. Jiggetts also seeks to withdraw part of his Complaint. (Mot. Withdraw, ECF No. 25.) This Court considers this motion a further request to amend his Complaint, and liberally construing his requests, shall allow both the additions and withdrawals.

6

Accordingly, this Court shall GRANT Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 22) and Motion to Withdraw Parts of Complaint that are Incorrect (ECF No. 25). However, Mr. Jiggetts' proposed amended complaint, ECF No. 22-1, does not represent the operative complaint. Rather, it is a compilation of the Complaint, the proposed amendment, and the withdrawals that would form the operative complaint. Therefore, this Court shall require Mr. Jiggetts to file a proposed amended complaint for filing. Once filed and accepted by this Court, the Defendant shall have 14 days to respond pursuant to Federal Rule of Civil Procedure 15(a)(3) and Local Rule 103(6)(a). Mr. Jiggetts did not name Janssen's CEO, although he wishes to add the individual as a defendant. (*See* ECF Nos. 22, 22-1.) Therefore, if necessary, this Court directs Janssen to provide the name in its responsive Answer or Motion. Further, Janssen's deadline for filing a summary judgment motion, should it wish to do so, shall be extended to the same deadline, 14 days after the amended complaint is deemed filed.

### III. Reply to Answer

Mr. Jiggetts seeks leave to file a response to Janssen's Answer (ECF No. 10). (Mot. Reply, ECF No. 31.) This Court is allowing Mr. Jiggetts to file an Amended Complaint, to which Defendants shall be allowed to Answer in due course. Accordingly, Mr. Jiggetts' Motion for Leave of Court to File a Response/Reply to Answer (ECF No. 31) is DENIED AS MOOT.

### CONCLUSION

For the foregoing reasons:

1. Request for Default Judgement (ECF No. 12) is DENIED.

2. Motion for Leave to File Amended Complaint (ECF No. 22) is GRANTED, and Motion to Withdraw Parts of Complaint that are Incorrect (ECF No. 25) is GRANTED.

    a. Plaintiff shall file a Proposed Amended Complaint within 10 days.

    b. Defendant shall respond within 14 days after the Amended Complaint is deemed filed.

3. Motion for Leave of Court to File a Response/Reply to Answer (ECF No. 31) is DENIED AS MOOT.

4. The Clerk of this Court shall transmit a copy of this Memorandum Order to Plaintiff and to Counsel of record.

Dated: September 9, 2019.

_____
Richard D. Bennett
United States District Judge